437 A.2d 957

**COMMONWEALTH of Pennsylvania,**

v.

**Kenneth N. NICKOL, Appellant.**

No. 80-3-733.

Supreme Court of Pennsylvania.

Submitted Oct. 19, 1981.

Decided Dec. 17, 1981.

Joseph F. Iracki, court-appointed, Wilkes-Barre, for appellant.

Joseph P. Giovannini, Jr., Asst. Dist. Atty., Chester B. Muroski, Dist. Atty., for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Appellant Kenneth N. Nickol was convicted after a nonjury trial of murder of the second degree, robbery and carrying a firearm without a license. He was represented at trial by three members of the Luzerne County Public Defender's Office. On direct appeal this Court affirmed the judgment of the lower court. *Commonwealth v. Nickol*, 476 Pa. 75, 381 A.2d 873 (1977). Nickol filed a petition pursuant to the Post Conviction Hearing Act, Act of January 25, 1966, P.L. 1580 (1965), 19 P.S. § 1180–1 et seq. (Supp.1981–82), assailing trial counsels' representation as ineffective. After an evidentiary hearing, the PCHA court denied relief. Hence this appeal.

Nickol raises six theories to support his claim of ineffective assistance of trial counsel: counsel were ineffective for failing to move to suppress statements made by Nickol on the second day of questioning, although Nickol had not been given *Miranda* warnings on that date; counsel were ineffective for refusing to allow appellant to testify at the suppression hearing; counsel were ineffective for failing to offer expert testimony at the suppression hearing regarding Nickol's intelligence and psychiatric background; counsel were ineffective for failing to review notes of the prosecuting officer; counsel were ineffective for advising Nickol to

waive trial by jury and counsel were ineffective for not insuring that a prior mistaken identification by a witness who testified at trial fully availed Nickol's cause. After a careful review of the law and the record, unassisted by Commonwealth brief, we hold Nickol's claims are without merit. The order of the lower court is affirmed.

Affirmed.